THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHAWN ROBINSON,

                Petitioner,

    v.

UNITED STATES OF AMERICA,

                Respondent.

HONORABLE JEROME B. SIMANDLE

Civil No. 07-2636 (JBS)
[Cr. No. 04-421 (JBS)]

**OPINION**

APPEARANCES:

Mr. Shawn Robinson
F.C.I. Fairton, #40861-050
P.O. Box 420
Fairton, New Jersey 08320
    Petitioner pro se

Christopher J. Christie
United States Attorney
By:  Jacqueline M. Carle
    Assistant United States Attorney
U.S. ATTORNEY'S OFFICE
401 Market Street, 4th Floor
Camden, New Jersey 08101
    Attorney for the United States of America

**SIMANDLE**, District Judge:

    This matter comes before the Court on the motion of the United States of America to dismiss Shawn Robinson's Petition to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.  Petitioner seeks to correct the sentence this Court imposed after Petitioner pled guilty to distributing and possessing with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C).  For the reasons explained below, the Court shall grant Respondent's motion and dismiss

Petitioner's § 2255 Petition.

## I.    BACKGROUND

### A.    Petitioner's Claims

Petitioner pled guilty to ten counts of distribution or possession with intent to distribute cocaine or cocaine base in the District of New Jersey.  (Written Plea Agreement at 5, Ex. C to Resp't Br.; Rule 11 Hr'g at 35, Ex. D to Resp't Br.)  As a result, on December 1, 2005, Petitioner was sentenced by the undersigned to a term of imprisonment of 150 months and three years of supervised release, as to which sentence Petitioner now brings this pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C.S. § 2255.  (Continuation of Sentencing Hr'g Tr. at 64-72, Ex. F to Resp't Br.; Pet'r's Mot. at 3.)  Petitioner argues that his counsel, John Renner, was constitutionally ineffective due to (1) Petitioner's belief that Mr. Renner stipulated to the fact that Petitioner distributed 220 grams of cocaine, and (2) Mr. Renner's failure to object to the waiver of Petitioner's post-sentencing appeals.[1]  (Pet'r's Br. at 3-4.)

---

[1]  Petitioner has, in addition, filed a motion for the modification of his sentence [Docket Item No. 5] under 18 U.S.C. § 3582(c)(2).  Because the instant § 2255 Petition is not the proper procedural vehicle for Petitioner to raise this matter, his motions will be dismissed without prejudice to his motion under § 3582(c)(2), which will be decided in due course.

B.   Procedural History

Petitioner was arrested on November 14, 2003 as part of a ten-month police investigation in Penns Grove, NJ.  (Presentence Rpt. at ¶¶ 18-38.)  On August 3, 2004, Petitioner was indicted by a federal grand jury and charged with twelve counts of knowingly and intentionally possessing with intent to distribute crack cocaine (counts one and two) and cocaine (counts three through twelve) in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C). (Superseding Indictment at 1-3, Ex. B to Resp't Br.)

On May 4, 2005, Petitioner pled guilty to ten counts (counts three through twelve) of possession of cocaine with intent to distribute.  (Rule 11 Hr'g at 30-35, Ex. D to Resp't Br.)  In Petitioner's guilty plea, he affirmatively accepted his responsibility of knowingly and intentionally possessing with intent to distribute cocaine on March 5, 13, 20 and 27; April 3, 4 and 11; May 14 and 22; and June 12 of 2003.  (Rule 11 Hr'g at 30-33, Ex. D to Resp't Br.; Presentence Rpt. at ¶¶ 6-40).  As a part of Petitioner's Plea Agreement, the Government dropped the first two counts of the Superceding Indictment, which charged Petitioner with distribution of approximately 61.9 grams of crack cocaine on April 7 and October 13 of 2003.  (Written Plea Agreement at 1, Ex. C to Resp't Br.)  However, as the Plea Agreement indicates, Petitioner and Respondent disagreed as to whether or not the first two counts could be taken into account

3

at sentencing as relevant conduct, and both parties reserved the right to argue their positions at sentencing.  (Id. at 6.)

Plaintiff's Plea Agreement contained a written limited waiver of the right to appeal and the right to collateral attack his conviction under 28 U.S.C. § 2255 so long as the sentence was not greater than a Level 17 sentence under the Guidelines. [See Written Plea Agreement at ¶ 11 of Stipulations, Ex. C to Resp't Br.]

On October 28, 2005, November 21, 2005, November 22, 2005 and December 1, 2005, this Court conducted hearings to determine the appropriate length of Petitioner's sentence.  (Sentencing Hr'g Tr., Ex. E and F to Resp't Br.)  During the hearing on November 22, 2005 the undersigned issued an oral opinion regarding the issue of relevant offense conduct, which can serve as the basis for an upward departure under the Sentencing Guidelines.  See U.S.S.G. § 5K2.21 ("The court may depart upward to reflect the actual seriousness of the offense based on conduct . . . underlying a charge dismissed as part of a Plea Agreement in the case.")  After extensive arguments by both parties, this Court found that the Government had proved that the substance obtained in counts one and two was in fact crack cocaine.  (Id. at 5-8.)  The Court based its finding on the testimony given by the undercover officer who accurately described the substance, and the testimony of Petitioner's and Respondent's forensic

4

experts, who confirmed that the substance was crack cocaine. (Id.)  Taking account of this finding, the Court adopted the findings in the Presentence Investigation Report, which computed the Total Offense Level to be 29.[2]  (Presentence Rpt. at ¶¶ 54-65.)

In addition, this Court found, upon argument set forth by counsel for Mr. Robinson, that the automatic Criminal History Category of VI, assigned as a result of the fact that Petitioner was deemed a career offender pursuant to U.S.S.G. § 4B1.1, "substantially [overstated] the seriousness of his prior record." (Initial Sentencing Hr'g Tr. at 36-37.)  The Court thus exercised its authority under U.S.S.G. § 4A1.3(b)(3) to reduce Petitioner's Criminal History Category from VI to V.  (Id.)  Therefore, given the Total Offense Level of 29 and Criminal History Category V, the advisory Guideline range became 140 to 175 months.

On December 1, 2005, the undersigned sentenced Petitioner to 150 months on each count, to run concurrently; three years of supervised release; and a fine of $2,500.  (Continuation of Sentencing Hr'g Tr. at 67, Ex. F to Resp't Br.)

On December 7, 2005, Petitioner filed a direct appeal of his

---

[2]  The Court also accepted the Presentence Investigation Report's suggestion that Petitioner should receive a downward adjustment of three levels because of his acceptance of responsibility in accordance with U.S.S.G. § 3E1.1(a) and § 3E1.1(b).  (Initial Sentencing Hr'g Tr. at 10, Ex. E to Resp't Br.)

conviction; the conviction was affirmed by the Third Circuit
Court of Appeals on March 5, 2007.  See United States v.
Robinson, 482 F.3d 244 (3d Cir. 2007).  On June 5, 2007,
Petitioner timely filed the instant Petition for writ of habeas
corpus pursuant to 28 U.S.C. § 2255.

## II.   DISCUSSION[3]

A.   Whether Petitioner's Counsel Failed to Place an
     Objection to the Appropriate Guideline Level at
     Sentencing

Petitioner argues that Mr. Renner failed to place an
objection to the appropriate guideline level during Petitioner's
sentencing hearing.  (Pet'r's Br. at 5-7.)  Petitioner contends
that his sentence should have been based on 167 grams[4] of cocaine
rather than 220 grams, because the two counts of crack cocaine
charged in the Superseding Indictment were not included in his
Plea Agreement, and thus his Base Offense Level should have been
18.  (Id. at 6); See U.S.S.G. § 2D1.1(11).  Also, Petitioner

---

[3] Initially, the Court agrees with the Government that an
evidentiary hearing is not required to address the merits of Mr.
Robinson's Petition.  See United States v. Dawson, 857 F.2d 923,
927-28 (3d Cir. 1988) ("If a nonfrivolous claim clearly fails to
demonstrate either deficiency of counsel's performance or
prejudice to the defendant, then the claim does not merit a
hearing.")  As the following discussion makes clear, Petitioner's
claim clearly fails to demonstrate deficient performance or
prejudice upon the readily available records.

[4] The quantity of 167 grams represents the amount of drugs
in counts three through twelve, which were the counts Petitioner
pled guilty to.  The first two counts resulted into a drug
transaction of 61.9 grams of crack cocaine, which were proved as
relevant conduct at the contested sentencing hearing.

6

states that his criminal history score should have been determined by eight criminal history points and should have resulted in a Criminal History Category of IV.  (Id.)  Thus, with the three-level downward adjustment given to Petitioner, on account of his acceptance of responsibility, he argues that his Total Offense Level should have been 15, yielding a Guideline sentencing range of 30-37 months.  (Id.)

In response, Respondent argues the Court found that the conduct alleged in counts one and two was relevant conduct, which could be taken into account in calculating Petitioner's sentence under U.S.S.G. § 5K2.21.  (Resp't Br. at 6-10.)  In addition, the Government argues that Petitioner was deemed to be a career offender, which required him to receive a Criminal History Category of VI.  (Id.)  Thus, the Government argues, Petitioner's counsel was not required to raise frivolous issues such as those identified in the instant Petition.  (Id.)

To establish a viable claim of ineffective assistance of counsel, Petitioner must show that (1) Mr. Renner's performance was deficient; and (2) Mr. Renner's deficient performance prejudiced the defense.  Strickland v. Washington, 466 U.S. 668, 687 (1984).

The first prong of Strickland requires a showing that counsel made errors so serious that the right to counsel guaranteed by the Sixth Amendment essentially was not provided.

7

Strickland, 466 U.S. at 687.  The proper standard for judging
attorney performance is that of reasonably effective assistance.
Id. at 687.  Judicial scrutiny of counsel's performance must be
highly deferential and the Petitioner must overcome a strong
presumption that counsel's actions were sound given the
circumstances.  Id. at 689.  Importantly, an attorney cannot be
faulted for failing to pursue meritless or futile objections.
Johnston v. Love, 940 F. Supp. 738, 776 (E.D. Pa. 1996), aff'd,
118 F.3d 1576 (3d Cir. 1997).  See Bolender v. Singletary, 16
F.3d 1547, 1573 (11th Cir.), cert. denied, 513 U.S. 1022 (1994)
(failure to raise non-meritorious issues does not constitute
ineffective assistance of counsel); Thomas v. United States, 951
F.2d 902, 904 (8th Cir. 1991) (defense counsel not ineffective
for failing to raise meritless objections); United States v.
Lawson, 947 F.2d 849, 853 (7th Cir. 1991), cert. denied, 503 U.S.
948 (1992) (same).

     As to the second prong, Strickland requires a showing that
if an error was in fact made, then the error must be so egregious
that it deprived Petitioner of a fair trial.  466 U.S. at 687.
Petitioner must make both showings or "it cannot be said that the
conviction . . . resulted from a breakdown in the adversary
process that renders the result unreliable."  Id.

     Turning to the merits of the instant petition, the Court
agrees with the Government that Petitioner's claims each reflect

a misunderstanding of the sentence this Court imposed.  In
Petitioner's plea, he admitted that he distributed 167 grams of
cocaine, not 220 grams of cocaine or cocaine base, and the
quantity of 167 grams to which Petitioner pled guilty formed the
basis of Mr. Robinson's sentence.  The 61.9 grams of crack
cocaine that is the focus of the petition under consideration was
determined to be admissible as relevant conduct under U.S.S.G. §
5K2.21 after a series of extensively litigated hearings.
Petitioner's attorney did not stipulate to the admissibility of
the crack cocaine, either in connection with the Plea Agreement
or at sentencing.  To the contrary, the Plea Agreement expressly
indicates that the Government and Mr. Robinson disagreed about
the admissibility of such relevant conduct, (Plea Agreement at 6-
7), and at sentencing, Petitioner's attorney vigorously contested
the admissibility of such conduct on Petitioner's behalf.  The
objection to his Base Offense Level that Petitioner claims Mr.
Renner was ineffective for having not raised would not have been
appropriate, since there was no stipulation to 220 grams, as
Petitioner suggests.  Indeed, Mr. Renner objected to any amount
above the 167 grams, and the matter was litigated in the series
of sentencing hearings.

As stated in Johnston, Mr. Renner cannot be considered
constitutionally ineffective for having not raised meritless
objections.  940 F. Supp. at 776.  Because Petitioner's counsel

9

did not, in fact, stipulate to the admissibility of Petitioner's
relevant conduct, Petitioner's argument that such a "stipulation"
rendered his attorney's services ineffective will be rejected.

B.    Whether Counsel Failed to Object to Petitioner's Waiver
      of His § 2255 Appeals Right

Petitioner argues that Mr. Renner failed to object to the
waiver of Petitioner's § 2255 appeal right, and that this error
likewise rendered Mr. Renner's services ineffective.  The Court
disagrees.

In his Plea Agreement, Petitioner waived "the right to file
any appeal . . . [or] collateral attack" if the sentence imposed
by this Court fell "within or below the Guidelines range that
results from the total Guidelines offense level of 17."  (Written
Plea Agreement at 7, Ex. C to Resp't Br.)  Because the
undersigned used a guideline offense level of 29, which is higher
than 17, to sentence Petitioner, Petitioner did not, in fact,
waive any right to appeal.  That is, under the terms of the
sentence imposed by this Court, no waiver of appeal rights from
the Plea Agreement actually attached, and indeed, Petitioner
exercised his right to appeal and to collaterally attack his
sentence.[5]  Petitioner was accordingly not prejudiced by the

_____

[5]  The recent Third Circuit Court of Appeals decision set
forth in United States v. Mabry, 2008 U.S. App. LEXIS 15956, at *
35 (3d Cir. July 28, 2008), does not alter the Court's analysis
here.  In United States v. Mabry, the petitioner did in fact
waive his right to appeal, but because he waived his right
knowingly and voluntarily, and because it did not amount to a

waiver provision in his Plea Agreement, which has no impact upon his sentence or his appeal.

## III. CONCLUSION

For the foregoing reasons, Petitioner's petition for writ of habeas corpus will be denied.  The accompanying Order is entered.


August 8, 2008
_____
Date

Jerome B. Simandle
_____
JEROME B. SIMANDLE
U.S. District Judge

---

"miscarriage of justice," the waiver was permissible.  Id.  Here, as the Court explained, supra, Petitioner's conditional waiver did not impact his right to appeal or collaterally attack his sentence, because the condition upon which the waiver depended did not materialize, and Petitioner waived no such right.